MERLE, PLAINTIFF AND APPELLEE, *v.* RAMOS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 2535.—Decided July 27, 1922.

EJECTMENT — PROOF OF TITLE — MARSHAL'S DEED — FORCED SALE — UNKNOWN HEIRS—SUMMONS—JURISDICTION.—A deed of sale executed by the marshal of a municipal court to the plaintiff in an action of ejectment, together with the certificate of the forced sale and the writ of execution of the judgment rendered against certain unknown heirs, in which documents the judgment is not inserted and among which there appears neither the summons served on the unknown heirs nor the judgment, is not sufficient evidence of the plaintiff's title, because it does not appear from the documents or otherwise that the unknown heirs were duly summoned so as to give the court jurisdiction, inasmuch as the burden is on the plaintiff to prove his title and there are no presumptions in favor of the judgments of the municipal courts.

The facts are stated in the opinion.

*Messrs. F. González* and *C. Travecier* for the appellants.

*Mr. F. Cervoni* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the defendants from a judgment sustaining an action of revendication for the recovery of a rural property of 20 acres of land. The plaintiff alleged that he purchased the property at a forced sale in the Municipal Court of Yabucoa on October 3, 1919. Defendant Gumersindo Ramos answered that he purchased 14 acres of that property from Domingo Ruiz in 1916, and the other defendant, Emilia Pedragón, answered that she pur-

chased 6 acres of it also from the said Domingo Ruiz in 1914.

In order to establish his title to the property of 20 acres the plaintiff exhibited a deed of sale executed in his favor by the marshal of the Municipal Court of Yabucoa on October 29, 1919, from which it appears that as the result of an action brought in the said municipal court on June 5, 1919, by Francisco Ocasio against the unknown heirs of Domingo Ruiz and of the judgment rendered therein the property of 20 acres was levied on and sold to José Gregorio Merle for the payment of a principal of $400 and $50 costs. He also exhibited the certificate of sale and the writ issued to the marshal for the execution of the judgment of July 31, 1919, in favor of Francisco Ocasio in the action against the unknown heirs of Domingo Ruiz. The judgment was not exhibited and it was said only that the judgment was rendered.

The defendants objected to the admission of these documents as establishing the plaintiff's title because they did not contain the summons served on the unknown heirs of Domingo Ruiz nor the judgment rendered in the said action, but the court admitted them. The defendants excepted and now allege on appeal that their admission was an error on the part of the court because the said documents do not establish the plaintiff's title, and that while Ocasio filed his action on June 5, 1919, against the unknown heirs of Domingo Ruiz, who because unknown should have been summoned by publication, the judgment appears to have been rendered on July 31, 1919, when the time allowed them for answering the complaint had not expired. It does not appear whether the defendants entered appearance or the judgment was rendered on their default.

As the burden of proof is on the plaintiff, we shall consider whether the documents exhibited by the plaintiff in

this case establish his title to the property of 20 acres adversely to the defendants.

As sufficient evidence in this case of his title to the property against the defendants the documents exhibited by the plaintiff should show, or it should be proved by other evidence, that the unknown heirs of Domingo Ruiz, whose property was sold to José Gregorio Merle, were duly summoned in order to give the municipal court jurisdiction to render the judgment against them and order the sale of their property. We have so held in the case of *Vázquez* v. *Registrar,* 19, P. R. R. 1074, in which we said:

"In the appeal before us, while not a case of a judgment by default, there is no showing of how the municipal court obtained jurisdiction to render judgment against the defendants, nor is there a copy of the judgment in the deed or anything to show that there was a trial, or that the defendants submitted. There is no presumption in favor of the judgments of municipal courts as they are not courts of record. *Galpin* v. *Page,* 98 Wallace, 365, 366; *Hahn* v. *Kelly,* 34 Cal., 391; 94 Am. Dec., 742; *McDonald* v. *Prescott,* 90 Am. Dec., 517, 519. Where a judgment is obtained in a court of limited jurisdiction and a title is sought, as here, against all the world, the person seeking to record his title is bound to show, not only the execution sale, but that the marshal had the power to make such sale. Such showing does not flow, in the case of a municipal court, from the mere exhibition of the writ of execution, nor yet of the judgment, but the jurisdiction of the court to render such judgment must likewise be demonstrated. In other words,. in the specific case before us it must be shown that jurisdiction was obtained over the persons of the defendants."

Also in the case of *Poupart et al.,* v. *Recurt et al.,* 25 P. R. R. 665, we said:

"It is well settled that the judgment of a municipal court not being of record carries no presumption of jurisdiction with it; hence even when a judgment is attacked collaterally the burden is on the person claiming under it to show the jurisdiction of a court not of record, like the municipal court in this case. *Galpin* v. *Page,* 98 Wall. 365; *Grignon* v. *Astor,* 2 How. 319; *Vázquez* v. *The Reg-*

*istrar*, 19 P. R. R. 1075, and cases cited; 11 Cyc. 693. If this jurisdiction does not appear from the judgment it may proved *aliunde.*"

The plaintiff not having established his title to the property which he seeks to recover, the judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.